## Case No. 15,196.

UNITED STATES v. GEE.

[2 Cranch. C. C. 163.] [1]

Circuit Court, District of Columbia. April Term, 1819.

JURY—PEREMPTORY CHALLENGE.

Upon an indictment for larceny, in Alexandria, D. C., the prisoner is entitled to a peremptory challenge

Indictment [against Thomas Gee] for stealing the money of James H. Caldwell.

THE COURT decided that the prisoner was entitled to a peremptory challenge. Laws Va. Nov. 13, 1792, p. 103, § 8.

## Case No. 15,197.

UNITED STATES v. GEORGE et al.

[6 Blatchf. 37; [2] 7 Int. Rev. Rec. 51; 1 Am. Law T. Rep. (U. S. Cts.) 53.]

Circuit Court, S. D. New York. Feb. 8, 1868.

CUSTOMS DUTIES — FORFEITURES—DISTRIBUTION—INFORMER'S SHARE.

1. The provisions of the act of March 2, 1867 (14 Stat. 546), in regard to the distribution of the proceeds of fines, penalties, and forfeitures incurred under the provisions of the laws relating to the customs, commented on.

[Cited in The Monte Christo, Case No. 9,720.]

2. Those provisions apply to the proceeds of a forfeiture incurred under the 3d section of the act of August 6, 1846 (9 Stat. 54, 55).

3. The provisions of the act of 1867, compared with those of the 89th, 90th, and 91st sections of the act of March 2, 1799 (1 Stat. 695–697), in regard to the distribution of the proceeds of forfeitures for a breach of its provisions.

4. The proper practice, under the act of 1867, is for the court to pay to the collector the amount recovered, less the charges allowed, and for the collector to deduct duties and charges, where proper, and to pay the residue into the treasury of the United States, to be distributed, under the direction of the secretary of the treasury, to the persons, and in the proportions, prescribed by the decree of the court.

5. Preparatory to such decree, the court, while in possession of the fund, will determine disputes between persons claiming to share in the fund, as informers.

In this case, which was an action of debt, commenced by capias, on the 21st of December, 1867, to recover the sum of $59,722 in gold coin, and $32,000 in United States currency, "as and for forfeitures, penalties, &c., incurred for violations of the revenue laws of the United States," the defendants [John W. George and others] submitted to a final judgment for the above amounts, and paid the same into court as the proceeds of such judgment. Those proceeds were in court, awaiting such disposition of them as might be required by law. They were the proceeds of penalties and forfeitures incurred under the provisions of the laws re-

1 [Reported by Hon William Cranch, Chief Judge.]

2 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

lating to the customs. The record of judgment showed, that the declaration in the suit charged the defendants with having unlawfully and fraudulently withdrawn and removed from a bonded warehouse, certain merchandise which was subject to duty by law, without the payment of the legal duties thereon, in violation of the 3d section of the act of August 6, 1846 (9 Stat. 54, 55), and claimed that the value of the merchandise, being the sums before mentioned, became thereby forfeited to the United States. Such 3d section provided, that, if any warehoused goods should be fraudulently removed from any warehouse, the same should be forfeited to the United States. A person who claimed to be entitled to an informer's share in such proceeds, now petitioned the court to ascertain and determine who was entitled to the informer's share.

Christopher Fine, for petitioner.

Benjamin K. Phelps, Asst. Dist. Atty., for the United States.

BLATCHFORD, District Judge. The 1st section of the act of March 2, 1867 (14 Stat. 546), provides, that, "from the proceeds of fines, penalties, and forfeitures, incurred under the provisions of the laws relating to the customs, there shall be deducted such charges and expenses as are by law, in each case, authorized to be deducted, and, in addition, in case of the forfeiture of imported merchandise of a greater value than five hundred dollars, on which duties have not been paid, or, in case of a release thereof, upon payment of its appraised value, or of any fine or composition in money, there shall also be deducted an amount equivalent to the duties in coin upon such merchandise, (including the additional duties, if any,) which shall be credited in the accounts of the collector, as duties received, and the residue of the proceeds aforesaid shall be paid into the treasury of the United States, and distributed under the direction of the secretary of the treasury, in the manner following, to wit: one-half to the United States; one-fourth to the person giving the information which has led to the seizure, or to the recovery of the fine or penalty, and, if there be no informer other than the collector, naval officer, or surveyor, then to the officer making the seizure; and the remaining one-fourth to be equally divided between the collector, naval officer, and surveyor, or such of them as are appointed for the district in which the seizure has been made, or the fine or penalty incurred, or, if there be only a collector, then to such collector." The section then provides for a different distribution where the information is given by the officer of a revenue cutter. The 4th section of the act repeals specially two sections of two former acts, relating to matters not involving any question arising in this case, and also repeals "all other laws, or parts of